UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH PAUL YORK,<br><br>Petitioner,<br><br>v.<br><br>CLARK E. DUCART,<br><br>Respondent. | Case No. 15-cv-01521-EMC<br><br>**ORDER GRANTING PETITIONER'S MOTION FOR RELEASE**<br><br>Docket No. 25 |

On July 10, 2018, this Court granted Petitioner's petition for a writ of habeas corpus, as directed by the Ninth Circuit. In its order, the Court ordered the State to either retry Petitioner or release him from custody within sixty (60) days. *See* Docket No. 23 (order). On October 29, 2018, Petitioner filed a motion for release because he had not been released from custody and the State had taken no further action against him. *See* Docket No. 25 (motion). The Court ordered Respondent to file a response to Petitioner's motion. *See* Docket No. 26 (Clerk's notice). A tardy response was filed on November 5, 2018. *See* Docket No. 28 (response). In his response, Respondent explained that administrative errors were the reason for his tardy response. Respondent also stated that he did not oppose Petitioner's motion for release but noted that the Contra Costa District Attorney's Office intended to rearrest Petitioner upon his release from prison to commence retrial proceedings. *See Harvest v. Castro*, 531 F.3d 737, 750 n.9 (9th Cir. 2008) (indicating that "'[f]ederal courts usually permit rearrest and retrial after the time period specified in the conditional release order has elapsed and the prisoner has been released'").

Having considered the parties' briefs and accompanying submissions, the Court hereby **GRANTS** Petitioner's motion. *See id.* at 750 ("hold[ing] that when the State fails to cure the constitutional error, i.e., when it fails to comply with the order's conditions, and it has not

demonstrated that it deserves relief from the judgment under Rule 60 or the other mechanisms provided for in the Rules, the conditional grant of habeas corpus *requires* the petitioner's release from custody") (emphasis in original).  Petitioner shall be released from custody immediately, *see id.* at 742 (indicating that, "'[i]f the state fails to act within the time set for retrial (or for some other proceeding) to occur, the petitioner must be released from custody *immediately*'") (emphasis added), notwithstanding the intent of the District Attorney's Office to rearrest Petitioner.

The Court also notes that, although the failure of the State to release Petitioner from custody does not appear to have been undertaken in bad faith, the Court still has serious concern as Petitioner's liberty has been impacted as a result.  The Court orders the State to file a declaration within a week of the date of this order addressing what steps have been or will be undertaken to ensure that administrative errors of the kind that occurred here do not occur again in the future.

This order disposes of Docket No. 25.

**IT IS SO ORDERED**.

Dated: November 6, 2018

_____
EDWARD M. CHEN
United States District Judge